## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

LINDA DONNELLY )
)
        Plaintiff, )
)
v. )
)
)
)
FANNIE MAE (FEDERAL NATIONAL )
MORTGAGE ASSOCIATION), FOX & )
ROACH LP d/b/a BERKSHIRE )
HATHAWAY HOMESERVICES FOX & )    C.A. No. CPU4-13-003614
ROACH, REALTORS f/k/a PRUDENTIAL )
FOX & ROACH, REALTORS AND )
MICHAEL WILSON )
)
        Defendants/ )
        Third-party Plaintiffs, )
)
)
v. )
)
AMERISPEC HOME INSPECTION )
SERVICES, et al., )
)
        Third-party Defendants. )

## MEMORANDUM OPINION
## AND ORDER ON THIRD-PARTY
## DEFENDANT'S MOTION TO DISMISS

Scott L. Silar, Esq.
Reger Rizzo & Darnall LLP
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE 19803
*Attorneys for Defendants / Third-party Plaintiffs Fox & Roach LP d/b/a Berkshire Hathaway Homeservices Fox & Roach, Realtors f/k/a Prudential Fox & Roach, Realtors and Michael Wilson*

Megan T. Mantzavinos, Esq.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
300 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Attorneys for Third-party Defendant AmeriSpec Home Inspection Services*

## INTRODUCTION

On December 4, 2013, Linda Donnelly ("Plaintiff") filed a Complaint against Fannie Mae, Prudential Fox & Roach LP d/b/a Berkshire Hathaway HomeServices Fox & Roach, Realtors f/k/a/ Prudential Fox & Roach Realtors ("Berkshire"), and Michael Wilson ("Wilson").[1] In the Complaint, Plaintiff alleges that the defendants sold her a home knowing that the layering of its roofing shingles violated the New Castle County Code ("Building Code").

Berkshire and Wilson denied Plaintiff's allegations, and filed a Third-party Complaint against several parties, including AmeriSpec Home Inspection Services ("AmeriSpec").[2] On August 7, 2015, AmeriSpec filed a Motion to Dismiss Defendants' Third-party Complaint. On September 18, 2015, the Court heard argument on the Motion and reserved its decision. This is the Court's Memorandum Opinion and Order on AmeriSpec's Motion to Dismiss.

## BACKGROUND

In early 2013, Plaintiff utilized Berkshire and Wilson's services in her search for a new home. Eventually, Plaintiff decided to purchase a home located at 724 Burnley Road, in Wilmington (the "home"). In early February 2013, Plaintiff hired and contracted with AmeriSpec to inspect the home before she purchased it.[3] AmeriSpec performed a general home inspection, which included a limited visual evaluation of the roof. On February 11, 2013, one of AmeriSpec's agents conducted the evaluation by climbing a ladder and visually inspecting the roof. After AmeriSpec inspected the home, it provided Plaintiff with an inspection report which

---

[1] Defendant Fannie Mae is not a party to the instant Motion.
[2] Berkshire and Wilson will be referred to collectively as "Defendants".
[3] Complaint ¶ 5.

indicated that the roof only had one layer of shingles.[4] On March 15, 2013, Plaintiff purchased the home with the understanding that the roof only had one layer of shingles.[5]

After moving in, Plaintiff learned that, before she purchased the home, other roofers had removed shingles from the roof's edges and reapplied them to the remaining areas.[6] After learning this, Plaintiff hired two roofing contractors to inspect the roof. Each contractor verified that there were three layers of shingles on the roof,[7] which allegedly violates the Building Code.[8] In April of 2013, Plaintiff hired G. Fedale Roofing Contractors to remove the shingles and install a new roof.[9] In her Complaint against Defendants, Plaintiff seeks $25,770.00 in damages for the cost of removing the shingles and installing a new roof.

On September 17, 2014, Defendants filed an Answer and denied Plaintiff's allegations. In addition to their Answer, Defendants brought a cross claim for contribution and/or indemnification against Fannie Mae, and a Third-party Complaint seeking indemnification and/or contribution from AmeriSpec.[10] In the Third-party Complaint, Defendants reference Plaintiff's Complaint and allege that AmeriSpec is primarily liable to Plaintiff because it was negligent in failing to discover the Building Code violation.

## PARTIES' CONTENTIONS

At the hearing on the Motion to Dismiss the Third-party Complaint, AmeriSpec asserted one primary argument. AmeriSpec contends that Defendants do not have standing to bring a

---

[4] *Id.*

[5] Complaint ¶ 4; Exhibit A.

[6] Although Plaintiff does not identify the roofers in her Complaint, Defendants allege in their Third-party Complaint that Brujus Inc. ("Brujus"), Robert Garrison and Garrison Roofing LLC (collectively "Garrison") were the roofers who altered the shingles.

[7] Complaint ¶ 7.

[8] Complaint ¶ 6.

[9] Complaint ¶ 11.

[10] Defendants also seek indemnification from Brujus and Garrison, claiming that Brujus and Garrison are primarily liable for damages caused by their work on Plaintiff's home. This claim, however, does not pertain to the present Motion.

claim against AmeriSpec for the alleged negligent roof inspection. In support of its standing argument, AmeriSpec states that Defendants have failed to plead facts which demonstrate that they were either in privity of contract with AmeriSpec, or intended third-party beneficiaries of the contract.[11]

In opposition to AmeriSpec's Motion, Defendants claim that privity of contract is not necessary because AmeriSpec owed Defendants a duty of care. In the alternative, Defendants argue that they are third-party beneficiaries to the contract.

## DISCUSSION

AmeriSpec filed its Motion pursuant to *Court of Common Pleas Civil Rule* 12(b)(6). However, in addressing the Motion, the Court analyzed the contract between AmeriSpec and Plaintiff, which was not attached to the Third-party Complaint or the original Complaint. As a result, the Court will consider the Motion under a summary judgment standard. Generally, matters outside the pleadings should not be considered on a motion to dismiss.[12] Where "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment."[13]

Motions for summary judgment are governed by *Court of Common Pleas Civil Rule* 56. In considering a motion for summary judgment the court must view the facts in a light favorable

---

[11] As a secondary argument, AmeriSpec argues that even if there was privity of contract between it and Defendants, any claims asserted by Defendants are time-barred. AmeriSpec further claims that even if Defendants are entitled to recover on the contract, the amount in which they could recover is limited to the amount of the inspection service fee. Finally, AmeriSpec contends that because there is a mandatory arbitration provision in the contract, the Court should dismiss the Third-party Complaint because it lacks subject matter jurisdiction. The Court did not address AmeriSpec's alternative arguments because its primary argument was dispositive.

[12] *Vanderbilt Income and Growth Associates LLC v. Arvida/JMB Managers, Inc.,* 691 A.2d 609, 612 (Del. 1996).

[13] *Id.*

4

to the non-moving party and accept, as true, all undisputed factual assertions.[14] The Court will grant a motion for summary judgment if there is no genuine issue of material fact, and the moving party is therefore entitled to judgment as a matter of law.[15] A motion for summary judgment will not be granted where "a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances."[16] Such an inquiry is not necessary in this Motion because the parties' arguments in their pleadings and at oral argument, coupled with the contract and the inspection report, create a clear record upon which the Court can rule as a matter of law.

The allegations that address AmeriSpec in the Third-party Complaint consist of a few sentences and are sparse in details. The Third-party Complaint alleges that "Plaintiff hired . . . AmeriSpec to conduct a home inspection on the property which is the subject of Plaintiff's complaint in connection with Plaintiff's purchase of the home. The home inspection included an inspection of the roof of the home."[17] It further alleges that "to the extent the allegations in Plaintiff's complaint are proven true, AmeriSpec [was] the primary cause of the damage sustained by the Plaintiff and Answering Defendants."[18] After considering the pleadings, the parties' briefs, and the presentations at oral argument, the Court has determined that the claims against AmeriSpec are based on negligence and/or breach of contract under a third-party beneficiary theory. Viewing the facts in a light most favorable to Defendants, the Court finds that the Third-party Complaint does not set forth a cause of action against AmeriSpec in tort or contract. The Court will address each of the Defendants' causes of action separately below.

---

[14] *Merrill v. Crothall-American, Inc.,* 606 A.2d 96 (Del. 1992); *Guardian Construction Co. v. Tetra Tech Richardson, Inc.,* 583 A.2d 1378, 1381 (Del. Super. 1990).

[15] *McLaren v. Mercedes Benz USA, LLC.,* 2006 WL 1515834 at *2 (Del. Super. March 16, 2006); CCP CIV. R. 56.

[16] *Ebersole v. Lwengrub,* 180 A.2d 467, 470 (Del. 1962).

[17] Third-party Complaint, Count II ¶ 13.

[18] Third-party Complaint, Count II ¶ 14.

## A. Negligence

In order to assert a claim for negligence against AmeriSpec, Defendants will have to establish that AmeriSpec owed them a duty of care. The basis of such a duty would have to arise from the inspection contract between AmeriSpec and Plaintiff. However, there is nothing in the contract that would impose such a duty on AmeriSpec. Moreover, the economic loss doctrine would bar Defendants' negligence claim based upon the purely economic damages sought by Plaintiff and incorporated by Defendants in the Third-party Complaint.[19] The economic loss doctrine bars recovery where injured third parties not in privity of contract sustain purely economic damages that arise out of the negligent performance of a contractual duty.[20] Economic loss includes "damages for inadequate value [and] costs of repair and replacement of [a] defective product."[21] To avoid the effect of the economic loss doctrine's bar, Defendants would have to fall within the exception, which provides that an injured third-party is owed a duty and can recover in negligence if it can prove: (1) that the obligor, by failing to exercise reasonable care, supplied false information to the obligee for use in business transactions with third parties; (2) that the obligor is in the business of supplying such information; and (3) that the third-party justifiably relied on the information.[22]

The Court finds that Defendants' negligence claim against AmeriSpec does not fall within the exception, because AmeriSpec did not provide information to Plaintiff for use in transactions with third parties nor did Defendants justifiably rely on the information. Indeed, the

---

[19] Defendants assert claims against AmeriSpec for indemnification and/or contribution to the extent they are found liable to Plaintiff for any portion of the cost of removing the shingles and installing a new roof.

[20] *Guardian Construction Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1381 (Del. Super. 1990).

[21] *Connor v. Martin*, 2014 WL 3889113 at *1 (Ct. Com. Pl. August 8, 2014) (citing *Palma, Inc. v. Claymont Fire Co., No. 1, et al.*, 2009 WL 3865395, at *1 (Del. Super. Nov. 18, 2009)).

[22] *Riverbend Community, LLC v. Green Stone Engineering, LLC*, 2012 WL 1409013, at *4 (Del. Super. April 4, 2012); *Guardian Const. Co.*, 583 A.2d at 1383, 1386.

inspection contract expressly states that the inspection services and report were provided for "[Plaintiff's] sole, confidential and exclusive benefit and use."[23] In addition, the inspection contract states that it "is not intended to benefit any person not a party to [it], . . . including the seller."[24] Those documents on their face make clear that AmeriSpec generated the inspection report for the sole use of Plaintiff in connection with her purchase of the house. Thus, the inspection report was not intended to be used in business transactions with third-parties.

In addition, based on the express declaration in both the contract and the inspection report that they are intended for Plaintiff's sole and exclusive use, there is no justifiable basis upon which Defendants could have relied upon the report or the contract. In fact, there are no allegations made in the Third-party Complaint or elsewhere that Defendants relied upon the inspection report. Accordingly, the economic loss doctrine bars any recovery by Defendants against AmeriSpec under a negligence theory, and AmeriSpec is entitled to judgment as a matter of law.

## B. Breach of Contract

Defendants also seek to recover against AmeriSpec on a breach of contract theory. Generally, a person who is not in privity of contract can only recover where the contract was made for his or her benefit.[25] There is no dispute that AmeriSpec did not enter into a contract with Defendants, and indeed, there are no such allegations in the Third-party Complaint.

Even though Defendants are not in privity of contract with AmeriSpec, Defendants claim that they have a third-party beneficiary right in the contract between Plaintiff and AmeriSpec. To seek recovery as a third-party beneficiary, the contracting parties "must have intended to

---

[23] Motion Exhibit 2, at 2.
[24] *Id.*
[25] *Guardian Const. Co.*, 583 A.2d at 1386.

7

confer a benefit on the third-party, and the beneficial effect . . . should be a material part of the contract's purpose."[26]

After considering Defendants' arguments and analyzing the contract and the inspection report, it is clear that neither AmeriSpec or Plaintiff intended to confer a benefit on Defendants. As previously noted, the inspection contract expressly states that it "is not intended to benefit any person not a party to this agreement," and the inspection report states that "this report is the exclusive property of [AmeriSpec] and the client whose name appears herewith . . . its use by any unauthorized persons is prohibited."[27] Therefore, Defendants are not intended third-party beneficiaries to the contract, and are not entitled to recover under a breach of contract theory. Accordingly, AmeriSpec is entitled to judgment as a matter of law.

## CONCLUSION

For all of the foregoing reasons, AmeriSpec's Motion to Dismiss is converted into a Motion for Summary Judgment and **GRANTED** as to all of Defendants' claims against AmeriSpec.

IT IS SO ORDERED this 3rd day of November 2015.

_____
Sheldon K. Rennie,
Judge

---

[26] *Connor v. Martin*, 2014 WL 3889113 at *2 (Ct. Com. Pl. August 8, 2014) (internal quotations omitted).
[27] Motion Exhibit 2, at 2; Complaint Exhibit B.